**File Name: 09a0326n.06**
**Filed: May 12, 2009**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**Case No. 08-3005**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARK PLLUMAJ, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PETITION FOR REVIEW OF** |
| ERIC H. HOLDER, JR., Attorney General, | ) | **AN ORDER OF THE BOARD** |
| | ) | **OF IMMIGRATION APPEALS** |
| Respondent. | ) | |

_____

**BEFORE:  BATCHELDER, DAUGHTREY and MOORE, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.**  Petitioners Mark, Elena, and Vera Pllumaj seek review of a decision by the Board of Immigration Appeals in which the Board affirmed an Immigration Judge's (IJ's) decision to deny them asylum, withholding of removal, and relief under the convention against torture on the basis that their testimony was inconsistent and not credible. The petitioners argue that their testimony was credible and that any inconsistencies can be explained. We find that substantial evidence supports the decisions, and deny the petition for review.

**I.**

Mark Pllumaj and his two adult daughters, Elena and Vera, are native Albanians who arrived in the United States in 2001.  Mark filed an I-589 application for asylum, withholding of removal, and relief under the convention against torture (CAT), and listed his daughters on his application as well.  Following receipt of the I-589 application, the Immigration and Naturalization Service (now

the Department of Homeland Security) ordered them to appear for removal proceedings.

The IJ heard testimony and, upon concluding that the petitioners were not credible, denied their requests for relief and ordered them removed to Albania. The petitioners appealed and the Board rejected their claims, noting that the IJ had found "legitimate, relevant internal inconsistencies in the [petitioner]s' testimonies, contradictions between their individual accounts, and discrepancies with their numerous asylum applications." The Board recounted the IJ's findings that the petitioners "had filed nine asylum applications between them, with major contradictions, discrepancies, and omissions"; they had "repeatedly failed to provide reasonable explanations for the discrepancies"; they had exhibited an "evasiveness and [a] failure to answer questions"; and their "claim of interpreter error [was] not supported by the record as they failed to point to any specific examples of incompetence, but merely assert a generalized allegation."

The Board affirmed the IJ's decision, denying their applications and ordering them removed to Albania. They now petition this court for review, claiming that their testimony was not inconsistent, that it was in fact credible, and that they are entitled to the relief they seek.

## II.

We review the Board's legal determinations *de novo* and its factual findings for substantial evidence. *Mostafa v. Ashcroft*, 395 F.3d 622, 624 (6th Cir. 2005). We will uphold the findings "as long as they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation marks and citations omitted). Where, as here, the Board has affirmed the IJ's decision but with additional commentary, we review the IJ's decision directly while also considering the Board's comments. *See Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005). And, in undertaking this review, we may not reverse "unless any reasonable adjudicator would be

2

compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (codifying the substantial evidence standard set forth in *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

To qualify for asylum, an applicant must establish "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion" if he were to return to his country of origin. 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, an applicant's burden is higher — he must demonstrate a "clear probability of persecution." *Gumbol v. INS*, 815 F.2d 406, 411 (6th Cir. 1987) (quotation marks omitted). And, to qualify for CAT relief, an applicant must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

An applicant's credible testimony "may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 1208.13(a). On the other hand, implausibilities and inconsistencies may justify an adverse credibility finding. *Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004).

In this case, substantial evidence supports the IJ's credibility determinations, adverse to the Pllumajs, which was the IJ's reason for denying their application. The transcript of the removal hearing contains sufficient inconsistencies in the testimony to provide adequate support for the IJ's findings. The Pllumajs claim that any inconsistencies were due to interpreter incompetence or ineffective counsel, but — as the Board explained — the Pllumajs failed to point to any specific examples of interpreter incompetence or attorney ineffectiveness and the record belies this claim.

All told, the Pllumajs failed to meet their burden of establishing eligibility for asylum. It follows that they cannot meet the higher burden of showing entitlement to withholding of removal or relief under the CAT. *See Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007).

We conclude that substantial evidence supports the IJ's denial of the Pllumajs' petition.

## III.

For the reasons stated, we **DENY** the petition for review.